FRANK A. MEYERS, Director of Operations, Division ofCriminal Investigation
You have requested my informal opinion regarding what effect, if any, sec. 57.078, Stats., has on the issuance or approval by the Department of Justice of intoxicating liquor and cigarette licenses or permits. Specifically, you ask whether the automatic restoration of civil rights to a convicted felon under sec. 57.078 can be substituted for the word "pardon" for purposes of the liquor and cigarette license statutes.
The Department of Justice may not issue a liquor or cigarette license or permit to an applicant who is not of good moral character. See secs. 176.05, 139.04 (1), and 139.37 (1), Stats. An applicant may be found not to be of good moral character if he has been convicted of a felony and has not been pardoned. *Page 453 
Those statutes are clear and specific. Either an applicant obtains a pardon or else the felony conviction may or shall be determinative of bad moral character. The legislature could have provided, as it did for nonintoxicating beverages under sec. 66.053 (1) (b), Stats., that a license may not be granted to a person convicted of a felony "unless such person has been restored to civil rights." Prior to 1949, sec. 66.053 (1) (b) exempted only those convicted felons who have been pardoned. After sec. 57.078, Stats., was created in 1947, the legislature deleted the word "pardon" and added "restored to civil rights" to sec. 66.053 (1) (b).
This change in the nonintoxicating beverage law has important meaning for the liquor law. The fact that no change regarding pardons was made to the liquor law in 1949, or at any subsequent time, is a clear legislative intent that pardoned felons could be considered to be of good moral character while felons who merely had their civil rights restored under sec. 57.078, Stats., could not be so considered. Furthermore, when secs. 139.34 (1) (c) 2 and 139.37 (1) (c) 2, of the cigarette license statutes were created by ch. 252, Laws of 1969, the standard of "pardon," and not "restored to civil rights" was used.
It is true that a pardon does restore civil rights. However, a pardon should not be confused with the automatic restoration procedure of sec. 57.078, Stats. A pardon is issued by the governor in his discretion. It is not automatic like sec. 57.078. Also, under the provisions of sec. 57.10, Stats., an applicant for a pardon must serve on the governor his own sworn statement, written statements by the judge and district attorney who tried the case concerning their views, and a certificate by the keeper of the prison stating whether the applicant conducted himself in a peaceful and obedient manner. The governor, equipped with these evaluations concerning the applicant, and any further investigations he may make regarding the applicant, then expresses his judgment on whether to grant a pardon. In a sense, a review has been made by several sources of the applicant's character. This is not true of the automatic restoration of civil rights procedure of sec. 57.078. *Page 454 
Therefore, it is my informal opinion that a convicted felon must obtain a pardon before he may be considered to be of good moral character for purposes of the intoxicating liquor and cigarette license statutes. The mere restoration of civil rights under sec. 57.078, Stats., is not a substitute for a pardon.
RWW:PAP